Case 0:08-cv-61668-DLG   Document 1   Entered on FLSD Docket 10/17/2008   Page 1 of 8

FILED

ELECTRONIC

October 17, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**08-61668-Graham-Torres**

CLIFFORD J. CIDEKO,

      Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC,

      Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), California's Rosenthal Fair Debt Collection Practices Act, California Civil Code 1788, *et seq.*, ("the Rosenthal Act") and the common law tort of intrusion upon seclusion.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District.

## PARTIES

3. Plaintiff, CLIFFORD J. CIDEKO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, MIDLAND CREDIT MANAGEMENT, INC., is believed to be a corporation and citizen of the State of California with its principal place of business at Suite 200, 8875 Aero Drive, San Diego, California 92123.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. On May 15, 2007, Plaintiff notified Defendant in writing transmitted by facsimile that he was represented by an attorney with respect to the alleged debt, provided Defendant with his attorney's name and address and notified Defendant that he refused to pay the alleged debt.

2

11. On or about October 2, 2008, Defendant sent a letter from California directly to Plaintiff at his home address in Florida seeking to collect the alleged debt.

12. At all times material to the allegations of this complaint, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt.

13. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

14. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

15. No court had authorized Defendant's direct communication with Plaintiff.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

16. Plaintiff incorporates Paragraphs 1 through 15.

17. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

3

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

18.    Plaintiff incorporates Paragraphs 1 through 15.

19.    Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## COMMUNICATION WITH A CONSUMER IN VIOLATION OF 15 U.S.C §1692c(c)

20.    Plaintiff incorporates Paragraphs 1 through 15.

21.    Defendant communicated with Plaintiff in an effort to collect the alleged debt after receiving a written notice that Plaintiff refused to pay the alleged debt which requires Defendant to cease communication with Plaintiff in violation of 15 U.S.C. §1692c(c).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF THE ROSENTHAL ACT

22.    Plaintiff incorporates Paragraphs 1 through 15.

23.    Defendant violated California Civil Code 1788.17, which requires Defendant to comply with all provisions of the FDCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

24.    Plaintiff incorporates Paragraphs 1 through 15.

25.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

26. Defendant intentionally interfered with the solitude and seclusion of Plaintiff by unlawfully attempting to collect an alleged debt by communicating directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt and by communicating with Plaintiff after having received a written notice refusing to pay the alleged debt when receipt of that notice triggers Defendant's obligation to cease communications with Plaintiff.

27. Defendant thereby invaded Plaintiff's privacy, seclusion, and solitude.

28. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

29. Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion, and private affairs.

30. These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages; and

6

      c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this __16__ day of October, 2008.

                    DONALD A. YARBROUGH, ESQ.
                    Attorney for Plaintiff
                    Post Office Box 11842
                    Ft. Lauderdale, FL 33339
                    Telephone: 954-537-2000
                    Facsimile: 954-566-2235
                    donyarbrough@mindspring.com

By: _/s/ Donald A. Yarbrough_____
      Donald A. Yarbrough, Esq.
      Florida Bar No. 0158658

7

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I(a) PLAINTIFFS
CLIFFORD J. CIDEKO

## DEFENDANTS
MIDLAND CREDIT MANAGEMENT, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:08CV61668-Graham-Torres

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [x] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | ☐ 2 | ☐ 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case    15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

## NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS — PERSONAL INJURY | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane / ☐ 362 Pers. Injury-Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury-Prod. Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle / ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | A CIVIL RIGHTS / B PRISONER PETITIONS | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment / ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 540 Mandamus & Other* | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Refiled ☐ 5. Transferred from another district (specify) ☐ 6. Multidistrict Litigation ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23    CLASS ACTION **No**    DEMAND $ **N/A**    ☐ Check YES only if demanded in complaint    JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):    JUDGE    DOCKET NUMBER

DATE: October __, 2008    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. _____    Amount: _____
Date Paid: _____    M/ifp: _____

S/F 1-2
REV. 9/94